# CHARLESTON

MULLINS *et al.* v. LAUREL COAL AND LAND COMPANY.

Submitted January 20, 1915.   Decided March 9, 1915.

COLLATERAL ATTACK ON JUDGMENT.
    A case identical with, and controlled by the decision in, *Jarrell* v.
    *Laurel Coal and Land Co.*, 75 W. Va. 752.

Appeal from Circuit Court, Boone County.

Suit by David Mullins and another against the Laurel Coal & Land Company.   From decree for defendant, plaintiffs appeal.

: *Affirmed.*

*John E. Blake,* for appellants.

*Chilton, MacCorkle & Chilton, Frank P. Murphy,* and *E. T. England,* for appellee.

ROBINSON, PRESIDENT:

Decision in this case is completely controlled by our decision in *Jarrell* v. *Laurel Coal and Land Company,* decided at this term.   The cases are indeed identical, except that the plaintiffs are different.   This suit is by one of the heirs of Simeon Jarrell, deceased, and her husband.   They were plaintiffs in the other suit, but upon their own motion were dismissed therefrom without prejudice.   Then they brought this independent suit, making the same collateral attack with which we dealt in the other.   Exactly the same facts are involved.   All that we said in the opinion in the other case applies here.

It is suggested in the brief filed for plaintiffs that their bill may be considered as a bill to review the old suit for the sale of the lands of Simeon Jarrell, deceased.   It is said that disability of coverture has saved to plaintiffs the right to file a bill of review thereto.   However that may be, the bill in this case in no way purports to be a bill of review.   It is a bill collaterally attacking the decrees in the old suit as void for want of jurisdiction in the court to enter them, not a bill to review them for errors.   It has neither the parties,

substance, prayer, or anything else from which the court below could primarily judge it to be a bill of review. That court took it to be what it is on its face, a bill of collateral attack, sustaining it as such against a demurrer, as plaintiffs sought, and upon it heard the presentation of the case of collateral attack made by plaintiffs. We can not now upon appeal shift it to the theory of a bill of review. To allow such an amendment would be to change the cause to a totally new one. Not only does the bill lack substance and prayer giving it semblance of a bill of review, but it does not even purport to bring in the parties most necessary to such a bill, all of those who were parties to the old suit, particularly the plaintiffs therein.

An order will be entered affirming the decree.

*Affirmed.*